IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN LESTER MOORE, III,<br>    Plaintiff pro se, | ::<br>:: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| R. L. "BUTCH" CONWAY; et al.,<br>    Defendants. | ::<br>:: | CIVIL ACTION NO.<br>1:11-CV-1924-TWT-WEJ |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff pro se, John Lester Moore, III, presently confined in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has been granted leave to file this civil rights action in forma pauperis. The matter is before the undersigned Magistrate Judge for an initial screening under 28 U.S.C. § 1915A. For the reasons stated below, the undersigned **RECOMMENDS** that this action be **DISMISSED**.

**I.    STANDARD OF REVIEW**

The Court is required to screen "as soon as practicable" a prisoner complaint which "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). However, the Court must dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon

which relief may be granted;" or (2) "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995).  If a litigant cannot satisfy those requirements, or fails to provide supporting factual allegations, then the complaint is subject to dismissal for failure to state a claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (citations omitted)); see also Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for 'all civil actions,'" to wit, conclusory allegations that "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "'across the line from conceivable to plausible'" (citations omitted)); Papasan v. Allain, 478 U.S. 265, 286

(1986) (accepting as true only plaintiff's factual contentions, but not his or her legal conclusions couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (per curiam) (court is "not permitted to read into the complaint facts that are not there").

## II.  DISCUSSION

Plaintiff's Complaint [1] sets forth allegations against Gwinnett County Sheriff R. L. "Butch" Conway, Jail Administrator Don Pinkard, and Chief Deputy Mike Boyd. Plaintiff states that on May 5, 2011, he was sentenced to twelve months for a probation violation, and his attorney and probation officer informed him that he would be released upon his arrival at the jail because he "would get 2-for-1 (earned time)." (Id. ¶ IV.) However, when plaintiff arrived at the jail, he was told that he would not receive 2-for-1 credit because his sentence was subsequent to a new charge. (Id., Ex. D-3.) Plaintiff asserts that defendants are responsible for this jail policy, which is contrary to O.C.G.A. § 42-4-7, "acts as an ex post facto, and has put [plaintiff] in . . . double jeopardy." (Compl. ¶ IV; see also id. Ex. D-1.) Plaintiff seeks monetary relief and asks the Court to order defendants to give him "earned time/good time" credit so that he may be released on parole. (Compl. ¶ V.)

Habeas corpus is the only proper vehicle for plaintiff to raise his constitutional claims concerning the decision to withhold good time credits. See <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81 (2005) (state prisoners must use "only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody"); <u>Robinson v. McDonough</u>, 259 F. App'x 238, 239 (11th Cir. 2007) (per curiam) (holding that because "[t]he allocation of gain time has a direct effect on the duration of a prisoner's confinement," his "exclusive remedy is a habeas petition"). However, the undersigned declines to construe this action as a habeas corpus petition because it appears that plaintiff has not exhausted his state court remedies. See 28 U.S.C. § 2254(b)(1) (requiring exhaustion of available state court remedies as a prerequisite to federal habeas relief); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999) (holding that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); <u>Hughes v. Attorney Gen. of Fla.</u>, 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (stating that § 2254(b)'s exhaustion "requirement applies to all habeas corpus actions").

4

### III. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915A.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**SO RECOMMENDED**, this 27th day of July, 2011.

_Walter E. Johnson_
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN LESTER MOORE, III,<br>    Plaintiff pro se, | ::<br>:: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | ::<br>::<br>:: | |
| R. L. "BUTCH" CONWAY; et al.,<br>    Defendants. | ::<br>:: | CIVIL ACTION NO.<br>1:11-CV-1924-TWT-WEJ |

**ORDER FOR SERVICE OF**
**FINAL REPORT AND RECOMMENDATION**

Let this Final Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and the Court's Local Rule 72.1B, be filed and a copy, together with a copy of this Order, be served upon plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may file written objections, if any, to the Final Report and Recommendation within fourteen (14) days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made. If no objections are filed, the Final Report and Recommendation may be adopted as the opinion and order of the District Court, and any appellate review of

AO 72A
(Rev.8/82)

factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Final Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this 27th day of July, 2011.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)